**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Neuralpulse Ltd., and LuminaThrive LLC

*Plaintiffs*,

v.

Water Pik, Inc,

*Defendant*.

**CASE NO.** 1:25-cv-03214-RMR-SBP

**JURY TRIAL DEMAND**

---

## SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

This Joint Report Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") is submitted by Plaintiffs/Counterclaim-Defendants Neuralpulse Ltd., and LuminaThrive LLC, and Defendant/Counterclaim-Plaintiff Water Pik, Inc. ("Water Pik").

The Parties met and conferred on March 4, 2026, as required under FRCP 26(f) and Local Rule 16.2.

Appearing for Plaintiffs/Counterclaim-Defendants Neuralpulse Ltd. and LuminaThrive LLC were:

Wei Wang
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
wei.wang@glacier.law

Appearing for Defendant/Counterclaim-Plaintiff Water Pik, Inc. were:

Baldassare Vinti
Proskauer Rose LLP
11 Times Square
New York, NY 10036
212-969-3249
bvinti@proskauer.com

Q. Jennifer Yang
Proskauer Rose LLP
11 Times Square
New York, NY 10036
212-969-3394
jyang@proskauer.com

## 2. STATEMENT OF JURISDICTION

Plaintiffs/Counterclaim-Defendants assert that this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331, 2201, 2202, and 1367(a). Plaintiffs seek declaratory relief concerning whether their advertising and sale of the Onlyone water dental flosser (the "Products") violate the Lanham Act, 15 U.S.C. § 1125, or Colorado common-law unfair competition. Personal jurisdiction and venue are proper in this District because Defendant resides in Colorado.

Defendant/Counterclaim-Plaintiff Water Pik asserts that this Court has subject-matter jurisdiction over its counterclaims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, and 1338(a) because Water Pik's federal claim arises under the laws of the United States, including the Lanham Act, 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over Water Pik's state-law counterclaims pursuant to 28 U.S.C. § 1367(a) because those counterclaims form part of the same case or controversy as the Lanham Act counterclaim and Plaintiffs' claims in this action.

Personal jurisdiction and venue are proper because Onlyone chose this forum to initiate its action and consented to personal jurisdiction by filing the Complaint in Colorado, and Water Pik resides in this district.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiffs contend that an actual and justiciable controversy exists because Defendant sent a cease-and-desist letter challenging Plaintiffs' advertising for the Products and threatening legal action. Plaintiffs seek a declaratory judgment that their advertising and sale of the product do not violate the Lanham Act and do not constitute unfair competition under Colorado common law. Plaintiffs also seek attorneys' fees, costs, and such other relief as the Court deems proper.

### b. Defendant

Water Pik denies liability and asserts counterclaims for false advertising, unfair competition, and related statutory and common law violations based on Plaintiffs' dissemination of false and misleading claims concerning the performance and endorsement of the Products. Water Pik seeks injunctive and monetary relief, including damages, disgorgement of profits, enhanced damages, punitive damages, attorneys' fees, costs, and such other relief as the Court deems proper.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs market and sell the Products.

2. The Products and Waterpik-branded water dental flossers are direct competitors in the market for water dental flossers.

3. On or about September 23, 2025, Defendant sent Plaintiffs a cease-and-desist letter challenging certain advertising claims relating to the Products.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiffs do not presently seek compensatory damages. Plaintiffs seek declaratory relief, attorneys' fees pursuant to 15 U.S.C. § 1117(a) and other applicable law, taxable costs, and such other relief as the Court deems proper. Any recoverable attorneys' fees and costs will be established by post-judgment motion or other procedure ordered by the Court.

### b. Defendant

Water Pik seeks to recover compensatory damages including lost sales, lost market share, lost profits, and harm to the value and goodwill associated with the Waterpik brand caused by Plaintiffs' false advertising. Water Pik further seeks disgorgement of Plaintiffs' gains, profits, and advantages derived from their false advertising. Water Pik also seeks enhanced or treble damages, as well as punitive damages, as permitted by applicable law. Water Pik also seeks recovery of attorneys' fees and costs incurred in this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting.

The Fed. R. Civ. P. 26(f) meeting was held on March 4, 2026.

**b. Names of each participant and party he/she represented.**

For Plaintiffs: **Wei Wang**, for Plaintiffs Neuralpulse Ltd. and LuminaThrive LLC.

For Defendant: **Baldassare Vinti** and **Q. Jennifer Yang** for Water Pik, Inc.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties exchanged Rule 26(a)(1) disclosures on March 18, 2026, within 14-days following the Rule 26(f) conference, as provided in Fed. R. Civ. P. 26(a)(1)(C)

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties propose no changes to the timing or requirements of Rule 26(a)(1) disclosures.

**e. Statement concerning any agreements to conduct informal discovery.**

At this time, the parties have not entered into any agreement to conduct informal discovery outside the procedures provided by the Federal Rules and Local Rules, but they will continue to meet and confer regarding efficient document exchange, rolling productions, and other measures to reduce cost.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to cooperate in good faith to reduce discovery costs, including by producing documents electronically where appropriate, using rolling productions when feasible.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that discovery will include electronically stored information, including website content, Amazon product listings and storefront materials, sales and marketing

materials, documents concerning any substantiation or testing, documents concerning consumer communications and complaints, documents concerning the creation of sales and marketing materials, documents concerning Plaintiffs' knowledge and intent (e.g., communications about the sales and marketing materials, including with third parties), documents concerning damages and harm to Defendant (e.g., dollar and unit sales, P&L statements, costs, market share, and brand equity), and communications relating to Defendant's cease-and-desist letter. The parties have discussed preserving relevant ESI, producing ESI in reasonably usable form, and addressing privilege issues through a claw-back agreement and/or Fed. R. Evid. 502(d), if appropriate. The parties anticipate entering into an ESI protocol that will address these issues in further detail.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties discussed the possibility of settlement and alternative dispute resolution at the Rule 26(f) conference. No settlement was reached at that time. The parties will continue to evaluate the possibility of resolving the case as discovery proceeds.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not propose any additional limitations or modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules at this time.

Each side shall be limited to **10** depositions, excluding experts. Each party shall be limited to **25** interrogatories, including discrete subparts.

**b. Limitations which any party proposes on the length of depositions.**

The parties do not propose any limitations on the length of depositions other than the presumptive limit in Fed. R. Civ. P. 30(d)(1). Each deposition shall be limited to 1 day of 7 hours.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties propose that each side be limited to 50 requests for production and 50 requests for admission, excluding requests directed solely to authenticity or admissibility.

The parties reserve the right to seek additional requests for production and requests for admission if it becomes necessary.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Written discovery shall be served ~~sufficiently in advance of the discovery cutoff so that responses are due on or before the discovery cutoff, and in no event later than 45 days before the discovery cutoff.~~ January 15, 2027.

**e. Other Planning or Discovery Orders**

A stipulated protective order and an ESI Protocol shall be negotiated by the parties and submitted to the Court within 21 days after entry of the Scheduling Order.

In the event that a discovery dispute arises and cannot be resolved through conferral, the parties shall notify Chambers by submitting Joint Discovery Dispute statement ("JDS") via email to Prose_Chambers@cod.uscourts.gov. The JDS must describe the parties' conferral efforts and the disputes at issue. A JDS must set forth the parties' positions with regard to each dispute and provide the names of the attorneys who participated in the discovery conferral and the date the conferences were held. The JDS shall be no more than ten (10) pages and shall attach only the necessary portions of the discovery and/or conferral history at issue. Additional guidance regarding Judge Prose's informal dispute resolution procedures may be found on the court's website.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

May 18, 2026.

**b. Discovery Cutoff:**

Fact Discovery: March 1, 2027.

Expert Discovery: September 30, 2027.

**c. Dispositive Motion Deadline:**

~~November 30, 2027.~~ Pursuant to Judge Rodriguez's Standing Order Regarding Rule 56 Motions, no later than 10 days after the close of discovery, a party seeking to file a motion for summary judgment must email Judge Rodriguez's chambers, copying opposing counsel, to inform

the Court of their intent to file such a motion.

**d. Deadline for Motions Pursuant to Fed. R. Evid. 702:**

November 30, 2027

**e. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs presently anticipate expert testimony, if any, in the fields of dentistry/oral hygiene, advertising substantiation, consumer perception/survey evidence, and e-commerce or marketing practices.

Defendant presently anticipates expert testimony in the fields of dentistry/oral hygiene, consumer perception/survey evidence, and damages, in addition to any rebuttal expert witnesses to respond to Plaintiffs' expert testimony.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Plaintiffs presently anticipate no more than two affirmative experts, excluding rebuttal experts, absent good cause.

Defendants presently anticipate at least three affirmative experts, excluding rebuttal experts.

Each side shall be limited to **3** retained expert witnesses, inclusive of rebuttal experts, absent leave of court.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 16, 2027.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 31, 2027.**

**e. Identification of Persons to Be Deposed:**

The Parties are working on a list of people to be deposed, which will be further developed during the course of fact of discovery.

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Plaintiff | TBD |
| Defendant | TBD |

**10. DATES FOR FURTHER CONFERENCES**

**a. Status conferences will be held at the following dates and times:**

~~[ Magistrate Judge to insert date and time ]~~

~~________________, 20__ at __o'clock ____m.~~ None at this time. Future status conferences may be set at the request of the parties or the Court.

**b. A final pretrial conference will be held at the following date and time:**

~~[ Magistrate Judge to insert date and time ]~~

~~________________, 20__ at __o'clock ____m.~~

~~A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.~~ A final pretrial conference will be set by Judge Rodriguez after disposition of any dispositive motion. A Trial Preparation Conference and trial date(s) will be given to the parties at the Final Pretrial Conference. If no party seeks to file a summary judgment motion, the parties must jointly contact Judge Rodriguez's chambers to obtain dates for trial and a final pretrial/trial preparation conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

N/A

**b. Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate a 5-day jury trial.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

The parties do not presently request that any pretrial proceedings be conducted in Colorado Springs, Grand Junction, or Durango.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 9th day of April, 2026.

BY THE COURT:

Susan Prose
United States Magistrate Judge

APPROVED AS SUBMITTED ON April 9, 2026:

*s/ Wei Wang*
Wei Wang
Dandan Pan
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
wei.wang@glacier.law
***Attorney for Plaintiffs/ Counterclaim-Defendants***

*s/ Baldassare Vinti*
Baldassare Vinti
Q. Jennifer Yang
Proskauer Rose LLP
11 Times Square
New York, NY 10036
212-969-3000
bvinti@proskauer.com
jyang@proskauer.com

Case Collard
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Facsimile: (303) 629-3500
collard.case@dorsey.com

***Attorneys for Defendant/Counterclaim-Plaintiff***